UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARY MCNALLY,

       Plaintiff,

                                                                       Case Number 12-cv-11224

v.                                                     Honorable Thomas L. Ludington

RUBIN AND YATES, LLC,

       Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

    This Fair Debt Collection Practices Act case commenced on March 19, 2012, when Plaintiff Mary McNally filed suit against Defendant Rubin and Yates, LLC. ECF No. 1. The complaint alleges that Defendant, a debt collector, did not disclose its identity in a telephone call to Plaintiff. Moreover, Defendant misrepresented the legal status of the alleged debt by suggesting that a collection suit had been initiated. Both actions violate federal law. As relief, Plaintiff requested statutory damages, costs, and reasonable attorney fees.

    On March 26, 2012, Defendant was served by certified mail at 338 Harris Hill Road, Suite 206, Williamsville, New York. ECF No. 3. About two months passed. Defendant did not answer. On May 23, 2012, Plaintiff requested that the clerk enter default against Defendant. ECF No. 4. The following day, the clerk entered the default. ECF No. 5.

    On June 11, 2012, Plaintiff moved for entry of default judgment against Defendant. ECF No. 6. Plaintiff requests $1,000 in statutory damages, plus attorney fees and court costs. In support of the motion, Plaintiff's counsel produced an affidavit stating that he made "an effort to

minimize cost." Pl.'s Mot. for Default J. Ex. 2, ECF No. 6-2. He did not, however, provide the number of hours that he expended on the case, the fair market value of his services, or details regarding his training, background, experience or skill. *See generally Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (discussing "lodestar" calculation).

On July 23, 2012, a hearing was held on Plaintiff's motion. Plaintiff's counsel appeared; neither Defendant nor counsel for Defendant appeared. On the record, the Court concluded that Plaintiff was entitled to $1,000 in statutory damages and $356.15 in costs, as well as attorney fees under 15 U.S.C.§1692k.[1]

When the Court inquired regarding the information needed to calculate a reasonable attorney fee under § 1692k(a)(3), Plaintiff's counsel offered to file a supplemental brief specifying the number of hours that he expended on the case, the fair market value of his services, and details regarding his training, background, experience and skill.

More than a month passed. No action was taken. On August 31, 2012, the Court entered an order directing Plaintiff to show cause in writing by September 14, 2012, why the complaint should not be dismissed for failure to prosecute. ECF No. 10.

---

[1] Briefly, 15 U.S.C. § 1692d(6) prohibits a debt collector from making a telephone call "without meaningful disclosure of the caller's identity." Additionally, § 1692e(2)(A) prohibits a debt collector from falsely representing "the character, amount, or legal status of any debt." Available damages are specified by statute, with § 1692k providing that

> any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of —
>   (1) any actual damage sustained by such person as a result of such failure;
>   (2) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000 . . . ; and
>   (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

§ 1692k(a)(1)–(3). In this case, Plaintiff does not allege any actual damages. Accordingly, she is entitled to $1,000 in statutory damages, costs of the action, and attorney fees.

On September 14, 2012, Plaintiff filed a supplemental brief specifying the number of hours that he expended on the case, the fair market value of his services, and details regarding his training, background, experience and skill. ECF No. 11. After reviewing the information provided, the Court concludes that $3081.50 in attorney fees is reasonable.

Accordingly, it is **ORDERED** that Plaintiff's motion for default judgment (ECF No. 6) is **GRANTED**. Judgment will be entered in favor of Plaintiff and against Defendant in the amount of $4,437.65.

Dated: September 28, 2012

                                          s/Thomas L. Ludington
                                          THOMAS L. LUDINGTON
                                          United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 28, 2012.

                              s/Tracy A. Jacobs
                              TRACY A. JACOBS